UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BECHARA TOHME,

        Plaintiff,

v.

MILAD SEBAALY, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 07-10989

DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**:

I recommend that Milad Sebaaly and Global Information Systems, Inc.'s Motion to Set Aside Default and to Dismiss for Lack of Service of Process be granted in part. The Court should set aside the Clerk's entries of default against Defendants Sebaaly and Global Information Systems, Inc. The Motion to Dismiss Plaintiff's Complaint as to those Defendants should be denied.

**II.   REPORT**:

    **A.   Procedural History**

The Complaint in this action was filed on March 7, 2007. On June 12, 2007, Plaintiff caused certificates to be filed reflecting the service of Summons upon Defendants Milad Sebaaly and Global Information Systems, Inc. ("GIS"), both on April 11, 2007. Two days later, on June 14, 2007, Plaintiff filed Requests for Clerks Entry of Default as to Sebaaly and GIS. On the same date, Clerks Entries of Default were docketed as to those Defendants.

Later on the same date as the Clerks Entries of Default were placed of record, Defendants Sebaaly and GIS filed their Answer. Insufficiency of process and lack of personal jurisdiction were asserted as affirmative defenses. On June 25, 2007, the movants filed their Motion to Set Aside Default and to Dismiss for Lack of Service of Process. A supporting Affidavit by Milad Sebaaly was filed on July 5, 2007. Plaintiff filed his Response to the motion on July 16, 2007. Defendants filed their Reply on July 25, 2007. The motion was referred to the magistrate judge for hearing and determination on August 21, 2007. The motion was brought on for hearing on September 10, 2007, and taken under advisement. Each party has filed a supplemental brief.

**B.** **Factual History**

The Complaint asserts claims of breach of contract, fraud and misrepresentation, and unjust enrichment against each Defendant. Plaintiff alleges that Sebaaly, individually and as agent of GIS ("his corporation"), the Syrian Virtual University ("SVU"), and the Republic of Syria ("Syria") entered into a contract with Tohme under which Plaintiff rendered services in promoting the interests of all Defendants by aiding SVU in developing relationships with North American colleges and universities. He further alleges that he coordinated with Sebaaly's staff for travel to various educational institutions in the United States and Canada for the purpose of establishing memoranda of understanding and follow-up services intended to empower students in Arab countries to obtain official higher education degrees from North American colleges and universities. Plaintiff maintains that Defendants breached their contractual obligations, defrauded him, and were unjustly enriched by reason of his efforts and expenditures on their behalf.

2

Docket entries 2 and 3 reflect Certificates of Service indicating that Defendants Sebaaly and GIS were served with Summons on April 11, 2007. In each instance, the "method of service" is reflected as "Lebanese Certified Mail, return receipt requested." Neither Certificate bears a signature, but each bears the following inscription:

> See attached sheet for signature and date.
>
> Crales Semaan Khoury.
> Aldowra, Almasaref Street, Bank Altamweel Building, Third Floor.
> Beirut, Lebanon.

Attached to each return certificate is a separate document hand written in Arabic. Plaintiff represents that the English translation of the inscription is as follows:

> It was sent by post, and when we receive an Answer we will send it to you.
>
> Regards,
>
> Lawyer, Crales Semaan Khoury.

Defendants do not dispute the accuracy of this translation. Also attached to the Certificates of Service were copies of a Lebanese Certified Mail Receipt numbered RR005135570LB, a clear copy of which appears as Exhibit 6 to Plaintiff's response to the instant motion. Plaintiff's Exhibit 7 consists of a certified translation of his Exhibit 6.[1] The translation reflects that the signature of recipient is that of "his mother." The translation incorrectly reflects that the Certified Mail control number ends in the letters "CB," rather than "LB." The name and address of the intended recipient is translated as:

---

[1] Exhibit 6 is originally printed in both Arabic and French. Presumably the text is the same in both languages, although the translation provided by Plaintiff is from Arabic to English.

3

> Milad Sebaaly - Al-Mayasah, Malakeh, or any one of his family members.

Exhibit 8 to Plaintiff's Response is a copy of a May 21, 2007 letter from Biyar Mansourati, Head of the Service Office of Liban Post, to Plaintiff's attorney. The letter, as translated in Plaintiff's Exhibit 9, states that Lebanese law allows delivery of any mail items "to any family members of the recipient that are apt and live in the same residence provided that such statement is noted on the cover of the letter and the delivery note and the receipt card if any . . .." Accompanying the letter was a separate writing, in English, as follows:

> According to Article 400 of the Lebanese code of civil procedure, any member of the family of the addressee may receive the notice in the absence of the addressee, and in this case the notification is considered to be completely done.

Plaintiff's Response, Exhibit 8.

In rhetorical paragraph 2 of the Complaint, Plaintiff alleges on information and belief that the Defendant Milad Sebaaly "is a Lebanese citizen residing in Dubai, United Arab Emirates." Plaintiff's Motion for Entry of Default, however, is premised upon certified mail service upon "his mother" in Beirut, Lebanon. In an Affidavit submitted in support of his motion, Sebaaly avers that he does not reside with his mother. Defendants further maintain that Sebaaly's mother was provided only with a copy of the Complaint, and that she received no Summons. Sebaaly's Affidavit is consistent with that position, as it asserts that Defendant's mother showed him what she had received, and that "it was a copy of a Complaint." Further, Plaintiff has not caused to be filed a return copy of the Summons which was purportedly served upon Defendants. Rather, he relies solely upon the submissions described above.

**C.     Analysis**

### 1. **Motion to Set Aside Default**

Federal Rule of Civil Procedure 4(c)(1) provides that summons <u>shall</u> be served together with a copy of the complaint, and that a plaintiff is responsible for the service of a summons. Due process requires the service of Summons and Complaint before a court has jurisdiction to adjudicate the rights of the parties. <u>Amen v. City of Dearborn</u>, 532 F.2d 554, 557 (6th Cir. 1976). A judgment is void with respect to a defendant over whom the court lacks personal jurisdiction. <u>Bank One v. Abbe</u>, 916 F.2d 1067 (6th Cir. 1990). Where service is improper, a court must set aside a default judgment. <u>Id</u>.; See also, <u>Omni Capital v. Wolff and Co.</u>, 484 U.S. 97, 104 (1987). A plaintiff bears the burden of perfecting service, and of demonstrating proper service. <u>Sawyer v. Lexington-Fayette Co.</u>, 94 F.3d 217, 219 (6th Cir. 1996).

Defendant Sebaaly is sued in at least two capacities, as an individual and as an agent of a foreign state. The Complaint and motion papers further suggest that Plaintiff claims service upon Defendant GIS through Sebaaly as its agent. (Complaint, Paragraphs 2, 3 and 5). Plaintiff relies upon a single Lebanese certified mail delivery accepted by Sebaaly's mother in Beirut, Lebanon, to establish adequate service upon Sebaaly individually and as an agent of GIS. Under the facts of this case, I conclude that Plaintiff has not demonstrated sufficient service.

#### a. **Sebaaly as an Individual**

Fed.R.Civ.P. 4(f) governs service upon individuals in a foreign country. The subsection provides as follows:

> Unless otherwise provided by federal law, service upon an
> individual from whom a waiver has not been obtained and filed,

5

other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed upon means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the service abroad of judicial and extrajudicial documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory, or letter of request; or

(C) unless prohibited by the law of the foreign country, by

(i) delivery to the individual personally of a copy of the summons and the complaint; or

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the Clerk of the Court to the party to be served; or

(iii) by other means not prohibited by international agreement as may be directed by the court.

Fed.R.Civ.P. 4(f).

Plaintiff has provided no argument or evidence that service upon Sebaaly was effected in accordance with Fed.R.Civ.P. 4(f)(1). No international treaty or agreement has been cited. Nor is there any evidence that he has effected service in accordance with the directions of this court, as permitted in Fed.R.Civ.P. 4(f)(3). He relies solely upon the provisions of Fed.R.Civ.P. 4(f)(2)(A). Attached as Exhibits 8 and 9 to his motion response are Arabic and English versions of documents relating to Lebanese law governing the service of civil process. The first document appears to paraphrase Article 400 of the Lebanese Code of Civil Procedure as providing that "any member of the family of the addressee may receive notice in his absence." A more detailed statement is contained in a letter from Biyar Mansourati, Head of the Service Office of Liban Post, to Plaintiff's attorney, dated May 21, 2007. The second paragraph of the letter provides as follows:

> We should note that according to the request of the sender it is allowed to deliver any mail articles inside Lebanon to any family members of the recipient that are apt <u>and live in the same residence</u> provided that such statement is noted on the cover of the letter and the delivery note and the receipt card if any, in which case the delivery process is considered legal.

Exhibit 9 to Plaintiff's motion response. (Emphasis added).

The Complaint asserts that Sebaaly is a resident of the United Arab Emirates. In support of his motion response, Plaintiff submitted an Affidavit stating that various contacts had advised him that Sebaaly would be spending the Easter holiday in Lebanon, and that he had a villa under construction above his parent's home there. He further avers that he sent copies of the Summons and Complaint for service upon Sebaaly and GIS to an attorney in Lebanon. The motion response also included Lebanese customs documents reflecting that Sebaaly entered and departed Lebanon several times during March and

7

April, 2007, but that he was not in Lebanon on the date of the service of the certified mailing upon his motion. (Exhibits 2 and 3 to Plaintiff's Motion Response). In an Exhibit to his Supplemental Brief, Plaintiff submitted Arabic and English versions of Lebanese real estate records indicating that Sebaaly owned a fractional share of residential real estate in the Lal-Sufaili area in the District of Lal-Matin. The documents reflect a real estate number and site name, but no address. (Exhibits 1 and 2 to Plaintiff's Supplemental Brief). I would further note that no destination address appears on the Lebanese certified mail receipt card filed with this court.

In his motion challenging the adequacy of service, Sebaaly has asserted under oath that he does not reside with his mother. Plaintiff has offered no evidence to the contrary. Rather, Plaintiff asserts in his Complaint that Sebaaly is a Lebanese citizen residing in Dubai, United Arab Emirates. Exhibit 5 to Plaintiff's Motion Response depicts information relating to a Massachusetts Institute of Technology conference in Amman, Jordan, in October 2007. Page 3 of the print-out refers to Malad Fares Sebaaly and reflects his business address in Dubai. Viewing the evidence in the record, I find no basis upon which to conclude that Sebaaly resides in Lebanon, and even less that he shared the same household with his mother on the date of the certified mail delivery. Accordingly, I conclude that Plaintiff did not comply with the cited Lebanese law in attempting service on Sebaaly there.

Even if this court concluded that Sebaaly was a Lebanese resident in the same household as his mother at the time of the delivery of the certified mailing, there is no evidence in this record that a Summons accompanied the Complaint. Sebaaly's affidavit claims only that his mother showed him the Complaint at some point. No return copy of the

8

Summons appears in the Court record. Proof of service of both the Complaint and Summons is essential to ensure due process. Plaintiff himself cites <u>Mullane v. Central Hanover Bank and Trust Co.</u>, 339 U.S. 306, 314 (1950) for the proposition that due process requires "[n]otice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." The Court held that the notice must reasonably convey the required information, including a reasonable time to appear and contest the case. It is the Summons which serves that purpose. In the absence of proof of service of Summons, I conclude that due process requirements have not been satisfied, and that the Default against Sebaaly individually must be set aside.

> Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.
>
> \* \* \*
>
> [S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served. Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. See Fed.Rule.Civ.Proc. 4(a) ("[The summons] shall . . . state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant."); Rule 12(a)(1)(A) (a defendant shall serve an answer within 120 days of being served with a summons and complaint). Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forego procedural or substantive rights.

Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-51 (1999) (quoting Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-445 (1946). In the absence of service of process, a court may ordinarily not exercise power over a party named as a defendant in a complaint. Id. at 350. A defendant's actual knowledge of a lawsuit does not substitute for proper service of process under Fed.R.Civ.P. 4. See, Omni Capital Intn'l. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); United States v. Gluklick, 801 F.2d 834, 836 (6th Cir. 1986). In the case at bar, Plaintiff has failed to file a Certificate demonstrating that a properly completed Summons was part of the certified mail delivery in Lebanon. That defect, standing alone, serves to undermine Plaintiff's Default Judgment against Sebaaly.

### b. GIS as a Corporate Defendant

Fed.R.Civ.P. 4(h) provides, in pertinent part, as follows:

> **(h) Service Upon Corporations and Associations.**
>
> Unless otherwise provided by federal law, service upon a . . . foreign corporation . . . that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> \*      \*      \*
>
> (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subsection (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

Fed.R.Civ.P. 4(h).

Plaintiff argues that it has properly served GIS pursuant to Fed.R.Civ.P. 4(f)(2)(A). In fact, it appears from the documents on file that Plaintiff is relying on precisely the same certified mailing it relied upon in connection with Defendant Sabaaly individually. Accordingly, I conclude that the same defects discussed above with respect to service upon

10

Sebaaly apply with equal force to service on GIS. Plaintiff's failure to adequately demonstrate the service of a Summons is magnified in light of the fact that he relies upon the same mailing to support this court's personal jurisdiction over two defendants. Fed.R.Civ.P. 4(a) applies to each defendant. The Rule requires that a Summons, signed by the Clerk, bearing the seal of the Court and containing the prescribed information be directed to a defendant. There is nothing in this record to establish that Defendant GIS received a process directed to it, as opposed to Sebaaly individually, informing the corporate defendant of its obligation to appear and defend and the time limitations imposed for that action. Accordingly, I conclude that the Clerk's Entry of Default rendered against GIS in reliance upon the current Certificate of Service should be set aside.

Plaintiff argues, correctly, that anomalies with respect to the return of service may be cured by amendment. In this case, however, Plaintiff has neither sought to amend its Proof of Service nor taken any action to provide adequate certification.

Beyond the issues relating to the adequacy of service of process upon the moving parties, I find that there is a substantial basis for setting aside the Clerk's Entries of Default. In deciding a Motion to Set Aside a Default under Fed.R.Civ.P. 55(c), the court should consider whether (1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default. OJ Distributing, Inc. v. Hornell Brewing Co., Inc., 344 F.3d 345, 353 n.3 (6th Cir. 2003) (citing Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990)).

This case was filed on March 7, 2007. The next docket entry occurred on June 12, 2007, on which date Plaintiff filed the Certificate of Service as to Defendants Sebaaly and GIS. Both the Clerk's Entries of Default and Plaintiff's Answer challenging the adequacy of service were filed on the same date. Thus, even if it is assumed that the Defendants were properly served, the delay in the filing of their Answer is not substantial. Even if were otherwise, delay alone does not establish prejudice. Invest Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 398 (6th Cir. 1987). While Plaintiff's Response Brief claims that the delay in this case will result in greater difficulty in obtaining evidence, he proffers no facts in support of that proposition.

Defendants have filed a substantive Answer and numerous affirmative defenses in addition to their challenge to the adequacy of service of process. One of their defenses asserts that the Plaintiff's breach of contract count fails to state a cause of action, as it fails to establish the parties and the essential terms of the agreement(s). Defendants challenge Plaintiff's fraud count under the provisions of Fed.R.Civ.P. 9(b) which requires that averments of fraud be stated with particularity. They challenge the unjust enrichment count of the Complaint on the theory that Plaintiff has failed to assert facts establishing that either Defendant obtained any benefit from Plaintiff. At this juncture, it is impossible to determine whether any of the Defendants' assertions would be successful on the merits. Likelihood of success on the merits, however, is not the measure of the adequacy of their Motion to Set Aside the Default. Rather, a defendant must merely present a defense which is "good at law." Berthelson v. Kane, 907 F.2d 617, 621 (6th Cir. 1990); United Coin Meter Co. v. Seaboard Coastline R.R. Co., 705 F.2d 839, 845 (6th Cir. 1983). Ambiguous or disputed facts must be construed in the light most favorable to the defaulted party. Amernational

Indus. v. Action-Tungsram, Inc., 925 F.2d 970, 977 (6th Cir. 1991). While Plaintiff correctly maintains that a party seeking relief from a Default Judgment must demonstrate "some possibility" that the outcome of the suit after full trial would be contrary to the result achieved by default, Williams v. Meyer, 346 F.3d 607 (6th Cir. 2003), the cited authority reflects that the standard is not difficult. I am satisfied that it is met in this instance.

The final issue for consideration in determining the instant motion is whether the default was the result of culpable conduct on the part of the moving parties. On this record, I find no act or omission by the moving Defendants sufficient to warrant the denial of the relief sought. The Affidavit of Milad Sebaaly asserts that he began an effort to search for counsel in Michigan at the time he was shown a copy of Plaintiff's Complaint by his mother. He further asserts that, by the end of May or early June, he had retained U.S. counsel to protect his interests in this matter. (Affidavit of Milad Sebaaly). While Plaintiff has expressed skepticism regarding Sebaaly's assertions, he has no directly contradictory evidence. Defense counsel sets out in the Motion for Relief from Default her efforts to protect her clients' interests. Those efforts included review of the Court's electronic filing records even before her retention as counsel was finalized. Upon being retained, counsel began preparing responsive pleadings and conducting research, while continuing to monitor the court's docket. The motion correctly notes that no return of service appeared in the court file until June 12, 2007. On the following day, Defendants' attorney accessed the court record system and obtained copies (illegible) of the Certificates of Service. She immediately finalized an Answer and Affirmative Defenses, including a challenge to the adequacy of service. The responsive pleading was filed on June 14, 2007, the same day that the Clerk of the Court entered the Defaults against Sebaaly and GIS. On June 15,

2007, Defendants' counsel (still unaware of the default) communicated by facsimile with Plaintiff's counsel regarding the case. On this record, I am satisfied that neither Defendants nor their counsel are guilty of culpable conduct or neglect. The culpable conduct required to justify refusal to set aside a default is such as to evidence an "intent to thwart the judicial proceedings or a reckless disregard for the effect of its conduct on the proceedings." Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003). Defendants motion cites numerous cases in which defaults were set aside in circumstances similar to those presented here.

Courts have long held that the interests of justice are best served by trials on the merits of disputes. O.J. Distributing, Inc. v. Hornell Brewing Co., Inc., 340 F.3d, 345, 353 (6th Cir. 2003) (citing Shepard Claims Serv., Inc. v. William Darrah and Assoc., 796 F.2d 190, 193 (6th Cir. 1986)). "Any doubts should be resolved in favor of the Petition to Set Aside the Judgment so that cases may be decided on their merits." Huntington Cab Co. v. American Fidelity and Casualty Co., 4 F.R.D. 496, 498 (1945); Standard Grate Bar Co. v. Defense Plant Corp., 3 F.R.D. 371, 372 (1944). For all of the above reasons, I recommend that the Motion of Defendants Sebaaly and Global Information Systems, Inc. To Set Aside the Clerk's Entries of Default be granted.

### 2. **Motion to Dismiss**

Defendants' Motion also seeks dismissal of this action as to Sebaaly and GIS for lack of service of process. Fed.R.Civ.P. 4(m) provides that, if service of the Summons and Complaint is not made upon a Defendant within 120 days after the filing of the Complaint, the Court shall dismiss the action without prejudice as to that Defendant or direct service to be effected within a specified time. That subdivision, however, does not apply to service

14

in a foreign country pursuant to Fed.R.Civ.P. 4(f). The motion papers in this instance amply demonstrate the difficulties attendant upon the service of process in foreign jurisdictions. The 120 day time limit may be extended for service of a Summons and Complaint outside the United States, provided that a good faith attempt was made within the 120 day period. While I have concluded that Plaintiff has failed to effect proper service upon Sebaaly and GIS, I do not conclude that the failure is the result of a lack of good faith effort. See O'Keefe v. St. Lawrence and Atl. R.R. Co., 167 F.R.D. 30 (D.C. VT 1996). In Thayer v. Dial Industrial Sales, Inc., 85 F.Supp. 2nd 263 (D.C. NY 2000) a district court determined to dismiss a foreign defendant who had not yet been served six months after the filing of the complaint. The Federal Rules of Civil Procedure, however, impose no particular limit. Accordingly, I recommend that the Court hold the issue of dismissal in abeyance for an additional period of 90 days, at the conclusion of which an Order of Dismissal Without Prejudice should be entered as to those foreign parties Defendant who have not been properly served.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231,

829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: October 5, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 5, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 5, 2007. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217