**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BECHARA TOHME,                                          Case No. 07-10989

        Plaintiff,                                    Arthur J. Tarnow
                                          District Judge
v.

                                          Donald A. Scheer
MILAD SEBAALY, *et al.*,                               Magistrate Judge

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [DE 28]; DENYING**
**PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT [DE 23]; GRANTING**
**DEFENDANTS' MOTIONS TO SET ASIDE DEFAULT [DE 12 and 29], BUT DENYING**
**SAID MOTIONS' [DE 12 and 29] REQUESTED RELIEF OF DISMISSAL; SETTING**
**ASIDE CLERK'S ENTRIES OF DEFAULT [DE 8, 9, AND 17]; AND DENYING**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DE 20] AS MOOT**

Before the Court are the motions listed above, and the Report and Recommendation [DE 28]

("R&R") as to Defendants Sebaaly and GSI's motion to set aside default [DE 12]. No objections

were filed against the Report and Recommendation.

The Court finds that the facts and legal arguments are adequately presented in the parties'

pleadings and briefs, and that the decision process would not be significantly aided by oral

argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), these motions

will be decided on the briefs and without oral argument. The Court's analysis follows.

**I. BACKGROUND**

Beginning in June 2002, Defendant Sebaaly met with Plaintiff on the issue of establishing

online classes for students residing in the Middle East. Defendant Sebaaly was provost of Defendant

Syrian Virtual University ("SVU"). He also owned a company, Defendant Global Information

Services ("GIS") which provided services to SVU and other educational institutions. SVU itself is

or was a project of Defendant Syrian Arab Republic ("Syria").

Plaintiff claims that in 2002 and 2003, he met with Defendant Sebaaly and representatives of universities and colleges in the United States and Canada. The meetings were intended to establish relationships between those institutions and SVU. Plaintiff was held out as a representative of SVU in that time period, and incurred travel and other expenses for those visits, for which he has not been reimbursed. Plaintiff continued contacts with educational institutions, on SVU's behalf, through spring 2004.

Plaintiff filed this suit in March 2007, raising claims of breach of contract, fraud, and unjust enrichment. According to filed Certificates of Service, all four Defendants were served in April 2007. However, the certificates themselves were not filed until June 12, 2007. On June 14, Plaintiff requested and was granted entries of default against Defendants Sebaaly and GIS. On the same day, those Defendants filed their answer. They then filed their motion to set aside default on June 25. The magistrate judge's Report and Recommendation on that motion was filed October 5, 2007.

As to Defendants SVU and Syria, Plaintiff requested and was granted entries of default on July 20, 2007. Plaintiff then filed a motion for entry of default judgment on August 20. Those Defendants filed their motion to set aside default on November 13. On January 16, 2008, this Court entered a stipulated Order, setting aside the entry of default against Defendant Syria, on the grounds of insufficient service of process.

## II. ANALYSIS

### A. The Report and Recommendation, and Defendants Sebaaly and GSI's Motion to Set Aside Default

Magistrate Judge Scheer's R&R recommends setting aside the Clerk's entries of default against Defendants Sebaaly and GSI, but otherwise denying their motion to dismiss. The R&R found service of process to be inadequate, because the Summons was not served with the Complaint, as required by both Due Process and Fed. R. Civ. P. 4(c)(1).

In addition, Defendants' motion to set aside default met the criteria of Fed. R. Civ. P. 55(c). That requires a district court to make a

> three-part inquiry . . . in determining good cause to set aside an entry of default[:] whether (1) the plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default.

*O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 n.3 (6th Cir. 2003) (citation omitted).  The Magistrate found that Plaintiff has not demonstrated that the delay would result in difficulty obtaining evidence, and has not otherwise established prejudice.

Defendants have filed an Answer, including a number of affirmative defenses, supporting its contention of a meritorious defense.  Finally, Plaintiff has established no culpable conduct on the part of Defendants.  *See Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (1986) ("To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.").

*Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) advises that "[w]here a party seeks relief from a default judgment, Rule 60(b)(1) should be applied 'equitably and liberally . . . to achieve substantial justice.'"   *Id.* at 613 (quoting *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir.1983)).  In addition, the interests of justice are best served by trials on the merits, not by default.  *United Coin*, 705 F.2d at 846.

Accordingly, the Court ADOPTS the Report and Recommendation as its findings and conclusions.  The Court GRANTS Defendants Sebaaly and GSI's motion to set aside default, but for the reasons stated in the Report and Recommendation, DENIES Defendants request for dismissal.

**B. Defendants Syrian Virtual University and the Syrian Arab Republic's motion to set aside default**

By Stipulation and Order of this Court, dated January 16, 2008, the entry of default against Defendant Syria has been set aside. As to Defendant SVU, the Court finds that its entry of default should also be set aside.

The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608, provides the requirements for service and default against a foreign sovereign or its agents or instrumentalities. Subsection 1608(e) governs default judgment, and was "intended . . . to provide foreign states protection from unfounded default judgments rendered solely upon a procedural default." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 950 -951 (11th Cir. 1996) (citing  H.R.Rep. No. 1487, 94th Cong., 2d Sess. 26 (1976), reprinted in 1976 U.S.C.C.A.N. 6604, 6625). Furthermore, there exists a "strong presumption against the entry of default judgment against a foreign state that has appeared in the case and expressed a desire to contest the claims . . ." *Owens v. Republic of Sudan*, 374 F.Supp.2d 1, 9 (D.D.C. 2005).

In addition, the three part criteria supporting setting aside default, *see O.J. Distributing*, *supra*, is met here as well. First, mere delay does not establish prejudice. *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc*., 815 F.2d 391, 398 (6th Cir. 1987). The plaintiff must show a negative effect from the delay, such as loss of evidence or difficulties in discovery. *Russell v. Luckett*, 1992 WL 51474, 3 (6th Cir. 1992) (citing INVST, 815 F.2d at 398). As an example, the plaintiff in *Russell* asserted that setting aside default two years after service prejudiced his opportunity to locate witnesses who were in custody at the time of the service, but had since left the jurisdiction. *Id.*

Here, Plaintiff argues prejudice in the form of an opportunity to hide evidence. However, his support for this contention refers only to the conduct of Defendant Sebaaly, and not to any conduct by Defendant SVU itself, or its current agents. Furthermore, Plaintiff did not file suit until

nearly three years after the conduct complained of (Pl. Compl. ¶¶ 31–33), and two years after attempts to resolve the dispute broke down (*Id*. ¶¶34–35). The motion to set aside default follows its entry here by a scant four months. Plaintiff is not prejudiced by that delay.

Second, a defendant need not establish that its defense is likely to succeed, to be considered meritorious. *United Coin*, 705 F.2d at 845 (citation omitted). "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id*.

Here, Defendant SVU challenges Plaintiff's ability to establish the elements of a breach of contract claim, the lack of particularity in his fraud claim, and the basis for the benefit alleged to have resulted in unjust enrichment. It has therefore advanced a meritorious defense.

Finally, the Court finds no evidence that Defendant SVU sought to "thwart judicial proceedings" or displayed "a reckless disregard for the effect of its conduct on those proceedings." Therefore, its conduct was not culpable, and the entry of default will be set aside.

### C. Plaintiff's motion to enter default judgment against Defendants Syrian Virtual University and the Syrian Arab Republic

Plaintiff's motion to enter default judgment against Defendants Syrian Virtual University and the Syrian Arab Republic is mooted by the Court's grant of Defendants' motion to set aside default.

### D. Plaintiff's motion to strike affidavit of Milad Sebaaly

Plaintiff seeks to strike the affidavit of Milad Sebaaly [DE 13] as untimely and therefore noncompliant with the requirements of Federal Rule of Civil Procedure 6. That rule states that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c). Plaintiff cites no additional authority, and acknowledges that Defendants could have filed an unsigned affidavit, and later supplemented the record with a signed version.

Plaintiff's motion is denied. The rule's timeliness requirement "is designed to prevent the

moving party from springing new facts on the nonmoving party 'when it is too late for that party to contest them.'" *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002) (citation omitted). Defendant's affidavit was filed ten days after the motion it supports, and eleven days before Plaintiff's response to the corresponding motion was due. Plaintiff alleges no surprise or prejudice resulting from the untimely filing. Furthermore, "it is within the discretion of the district courts whether to consider affidavits submitted in an untimely fashion . . ." *Hooks v. Hooks*, 771 F.2d 935, 946 (6th Cir. 1985).

### III.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court ADOPTS the Report and Recommendation [DE 28] as the Findings and Conclusions of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike affidavit [DE 23] is DENIED.

**IT IS FURTHER ORDERED** that Defendants Sebaaly and GSI's motion to set aside default [DE 12] is GRANTED as to setting aside default, but DENIED as to its request for dismissal for lack of service of process.

**IT IS FURTHER ORDERED** that Defendant Syrian Virtual University's motion to set aside default [DE 29] is GRANTED as to setting aside default, but DENIED as to its request for dismissal for lack of service of process.

**IT IS FURTHER ORDERED** that Plaintiff's motion to enter default judgment against Defendants Syrian Virtual University [DE 20] is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the clerk's entries of default [DE 8, 9, and 17] are HEREBY SET ASIDE.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  March 28, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager