**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| BECHARA TOHME, | Case No. 07-10989 |
| Plaintiff, | Arthur J. Tarnow<br>District Judge |
| v. | |
| MILAD SEBAALY, *et al.*, | Donald A. Scheer<br>Magistrate Judge |
| Defendants. | |

## ORDER CLARIFYING ORDER OF MARCH 28, 2008 [DE 34]

On March 28, 2008, this Court entered an Order adopting the Magistrate Judge's Report and Recommendation [DE 28], and addressing other pending motions. The following is meant to clarify the March 28 Order.

### Defendants Sebaaly and GIS

In adopting the Report and Recommendation, the Court agreed with its conclusion that Plaintiff "failed to effect proper service upon [Defendants] Sebaaly and GIS." Docket entry 28, p.15. The Report recommended this Court hold Defendants' motion for dismissal in abeyance for 90 days, to permit Plaintiff to effect proper service.

Plaintiff did not object to the Report and Recommendation. The record reflects no additional attempt to date by Plaintiff to serve Defendants Sebaaly and GIS properly. The Report and Recommendation noted that the 120 day time limit of Federal Rule of Civil Procedure 4(m), which permits dismissal without prejudice if service is not effected in that time, does not pertain to service in a foreign country. However, potential time extensions to effect service are not limitless. *See Thayer v. Dial Indus. Sales, Inc.*, 85 F.Supp.2d 263, 266 (S.D.N.Y.,2000) (dismissing the action after "more than six months has accrued since the Amended Complaint was filed," and plaintiff had not attempted service).

In general,

[u]pon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.

*Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992). The Court hereby extends the deadline for Plaintiff to effecuate proper service of process on Defendants Sebaaly and GIS thirty days from the entry of this Order.

**Defendant Syrian Virtual University**

Defendant Syrian Virtual University ("SVU") argued in its Motion to Set Aside Default and To Dismiss for Lack of Service of Process [DE 29] that service was improper as to it as well. In its Brief supporting the Motion, Defendant SVU stated several times that Plaintiff failed to serve either Defendant SVU or Defendant Syria with a Summons, and that neither Defendant received a copy of the Summons. However, in their Reply Brief [DE 32], Defendants acknowledge that due to communications difficulties, in fact "it [is] impossible for counsel to definitively state that no summons was mailed."

The burden is on Plaintiff to demonstrate proper service was made. *Sawyer v. Lexington-Fayette Urban County Government*,18 Fed.Appx. 285, 287, 2001 WL 1006237, 1 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996)). Plaintiff here has offered evidence supporting the fact that a Summons was mailed. That evidence includes an affidavit by Plaintiff counsel to that effect, as well as a declaration by the translator that he translated the Summons, and a copy of that translation.

It is true that Plaintiff failed to comply fully with the Foreign Sovereign Immunities Act ("FSIA"), which controls service of process upon foreign states and their agencies. *See* 28 U.S.C. § 1608(3)(B). The Complaint and Summons were mailed with return receipt, as required, but were sent by Plaintiff counsel, and not "addressed and dispatched by the clerk of the court." *Id*.

However, substantial compliance permits an exercise of jurisdiction by this Court, if a defendant receives actual notice of the suit, and is not prejudiced by the lack of technical

2

compliance.  *Straub v. A P Green, Inc.*, 38 F.3d 448, 453 (9th Cir. 1994) ("Straub's failure to dispatch the complaint by the clerk of the court did not *per se* deprive the district court of jurisdiction."); *accord*, *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246 (6th Cir. 1993).

Defendant SVU has received actual notice of this suit, and did not argue prejudice in its Reply Brief to overcome a finding of substantial compliance. Accordingly, the Court finds that Plaintiff has substantially complied with the requirements of FSIA, and that this Court therefore has jurisdiction over Defendant SVU.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the deadline for Plaintiff to effectuate proper service of process on Defendants Sebaaly and GIS is extended 30 (thirty) days from the entry of this Order.

**IT IS FURTHER ORDERED** that this Court has jurisdiction over Defendant Syrian Virtual University.

**IT IS FURTHER ORDERED** that the Status Conference previously scheduled for April 17, 2008, is CANCELLED.

**SO ORDERED.**


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  April 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 8, 2008, by electronic and/or ordinary mail.

S/V. Sims for THERESA E. TAYLOR
Case Manager